# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

ELDIN RAMIC,

                Plaintiff,

        v.                              6:15-CV-1243 (DNH/ATB)

AFSA DATA,

                Defendant.

ELDIN RAMIC

                Plaintiff,

        v.                              6:15-CV-1244 (DNH/ATB)

LB SECURITY,

                Defendant.

ELDIN RAMIC, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the Court two civil rights complaints filed by pro se plaintiff Eldin Ramic. (Dkt. Nos. 1 in 6:15-CV-1243 and 6:15-CV-1244) Plaintiff Ramic has also filed an application to proceed in forma pauperis ("IFP") in each action. (Dkt. Nos. 2 in 6:15-CV-1243 and 6:15-CV-1244). For the following reasons, this court will grant plaintiff's IFP application, but will recommend dismissal of both actions with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

## I.    <u>In Forma Pauperis ("IFP") Application</u>

A review of plaintiff's IFP applications show that he declares he is unable to pay the filing fee. (Dkt. No. 2 in each action). The court finds for purposes of this

recommendation, that plaintiff meets the financial criteria for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. <u>Complaints</u>

A review of 6:15-CV-1243 and 6:15-CV-1244 shows that they are the same document except for the first pages of the complaints. *Ramic v. AFSA Data*, 6:15-CV-1243 has a typewritten paragraph under the caption on the first page of the complaint, and the caption names AFSA Data as a defendant. (Dkt. No. 1 at 1) ("1243 Compl."). The second page begins with the word "suggestions." (1243 Compl. at 2). The first page of *Ramic v. LB Security*, 6:15-CV-1244 has only the caption, naming LB Security, on the first page of the complaint, but the second page also begins with the word "suggestions." (Dkt. No. 1 at 1-2) ("1244 Compl.") The remaining pages of the complaints are identical. (*Compare* 1243 Compl. at 2-26 *with* 1244 Compl. at 2-26). Plaintiff has simply changed the name of the defendant and omitted the typewritten paragraph on the first page of the 1244 complaint. Plaintiff has also attached more than 200 identical pages of "Exhibits" to the complaints. (Dkt. Nos. 1-1 – 1-3 in each case). Because the complaints are almost identical, the court will cite to the pages of the 1243 complaint as assigned by the court's electronic filing system[1] – CM/ECF – unless otherwise indicated, and the court may refer to the complaint or the complaints alternatively.

---

[1] Plaintiff has not numbered the pages of the complaint.

The complaint is a rambling story which appears to incorporate facts from all of the prior cases that plaintiff has brought in the Northern District of New York. At the heart of this story, is plaintiff's claim that he has been attacked and tortured by electromagnetic weapons and microchip implantation. Plaintiff claims that he was "told that" he was sold as a slave to the Serbian Mafia by Jim Biolek, who apparently worked or works at LB Security. (Compl. at 3-4). Plaintiff claims that he was "microchiped [sic]," first by Lenscrafters[2] and then by Veldin Barber.[3] Later, plaintiff states that it is "more likely than not" that everyone is microchiped. (Compl. at 15).

Plaintiff also describes the deleterious effects that this form of assault has had on plaintiff and others. (Compl. at 8, 15, 20). Plaintiff alleges that due to this condition, he has been forced out of jobs, including his job with defendant AFSA Data, and he has been forced out of schools such as Mohawk Valley Community and Utica Colleges. (Compl. at 14). It appears that this mind control makes plaintiff do things that he would not otherwise do, which causes him to be fired from jobs. (*See e.g.* Compl. at 3). Plaintiff claims that "they" are trying to provoke him into arrest so that "they" can kill him, but he states that he will "pass that opportunity." (Compl. at 13). Plaintiff states

---

[2] *See Ramic v. Lenscrafters*, 6:05-CV-349 (DNH/DEP) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) on March 22, 2005) (Dkt. No. 3). Plaintiff's motions to reopen this case have been denied, and plaintiff has been precluded from filing further documents in 05-CV-349. (Dkt. No. 14). Plaintiff filed a notice of appeal onAugust 19, 2015. (Dkt. No. 15).

[3] *See Eldin v. Barber*, 6:15-CV-440 (MAD/ATB). I recommended sua sponte dismissal of this action, and the Order and Report-Recommendation was approved by District Judge Mae A. D'Agostino. (Dkt. Nos. 5, 7). Plaintiff has filed a notice of appeal. (Dkt. No. 10). The court also notes that plaintiff may have unintentionally switched his first and last names on the caption of this action, resulting in plaintiff's name being listed as Ramic Eldin, rather that Eldin Ramic as it is listed in all of the other complaints.

that his optic nerve has been scanned, and there is nothing that they did not pull out of him. They see what he sees, and they hear his thoughts. (Compl. at 23).

Plaintiff is also concerned that no one, including law enforcement agencies and the court is doing anything about this mind control situation, even though plaintiff states that the "authorities" must be aware of what is going on in their town. (Compl. at 9, 11). Plaintiff refers to his previous cases and states that the court did not hold a single hearing, even though there was a "brain damaged barber" obstructing justice. (Compl. at 12). The court will not restate all of the facts in plaintiff's twenty-six page complaint, but essentially the remaining facts elaborate on the above-mentioned story and include many more issues that plaintiff has, including his dislike of the City of Utica.

The more than 200 pages of exhibits consist of snippets of articles, together withe public "comments," from the internet about mind control,[4] together with articles from Wikipedia describing various motion pictures and books dealing with mind control, science fiction, extraterrestrials, and electronic devices which can record events directly from the wearer's cerebral cortex. (*See e.g.* Dkt. No. 1-1 at 8, 9, 11, 12, 15, 16; Dkt. No. 1-2; Dkt. No. 1-3).

Although there is no request for relief,[5] plaintiff does state that he has been

---

[4] At least one of these comments is written by the plaintiff. (Dkt. No. 1-1 at 3) ("Simon Parkes reveals mind control secrets - whitetv").

[5] Plaintiff states that defendant LB Security offered him $10,000.00, but plaintiff states that too much damage had been done, and he refused to settle the issue outside of court. This court does not know to what plaintiff is referring. His 2004 federal action against LB Security was dismissed prior to service. It is unclear whether plaintiff has had any state court actions against this defendant.

tortured and his life has been destroyed for 15 years, and he expects "proper trial and adequate punishment." (Compl. at 13).

## III. Procedural Background

Plaintiff has brought several cases in the Northern District of New York, beginning in 2004, all of which, in one way or another, involve plaintiff's issues with mind control and surveillance of his private life by defendants. *See Ramic v. LB Security Service*, No. 6:04-CV-241 (DNH/GJD) (dismissed 6/07/04) (reopening denied and plaintiff precluded from filing additional papers – 4/20/05 and 4/10/15); *Ramic v. Mohawk Valley Community College*, No. 05-CV-348 (DNH/DEP) (dismissed 7/6/05) (reopening denied 10/21/15); *Ramic v. Lenscrafters*, No. 05-CV-349 (DNH/DEP) (dismissed 3/23/05) (request to reopen denied 4/20/05 – appeal filed 8/19/15); *Eldin v. Barber*, No. 6:15-CV-440 (MAD/ATB) (dismissed 5/22/15) (notice of appeal filed 6/3/15).

The court notes that the amended complaint that was dismissed by Judge Hurd in 2004 – 04-CV-241– also named LB Security as a defendant and mentioned that plaintiff was working at AFSA Data at the time. The amended complaint states that "about 3 years ago there has been [sic] hidden surveillance camera next to my computer at AFSA Data . . . by the most likely [sic] Rob Michael (who worked for LB Security Service)."

## IV. Jurisdiction

### A. Legal Standards

Subject matter jurisdiction can never be waived or forfeited. *ACCD Global*

*Agriculture, Inc. v. Perry*, No. 12 Civ. 6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty, LLC v. Faust,* No. 09 Civ. 7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013) (citing *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012); *Henderson ex rel. Henderson v. Shinseki*, __ U.S. __, 131 S. Ct. 1197, 1202 (2011)). Federal courts are mandated to examine their own jurisdiction sua sponte at every stage of the litigation. *Id.*

> A federal court exercises limited jurisdiction pursuant to Article III of the Constitution. It has subject matter jurisdiction over claims in which: (1) there is a 'federal question' in that a colorable claim arises under the 'Constitution, laws or treaties of the United States,' 28 U.S.C. § 1331; and/or if (2) there is complete "diversity of citizenship" between each plaintiff and all defendants and a minimum of $75,000 in controversy, 28 U.S.C. § 1332.

*Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 511-12 (D. Conn. 2015) (quoting *Da Silva v. Kinsho International Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (delineating two categories of subject matter jurisdiction) (footnote omitted)), *reconsideration denied*, No. 3:14-CV-53, 2015 WL 2124365 (D. Conn. May 6, 2015).

    B.    **Application**

        1.    **Federal Question**

In these complaints, plaintiff has not listed any basis for jurisdiction, other than stating that he is bringing a "Civil Rights Complaint." (Compl. at 1). Plaintiff is pro se, and the court must interpret plaintiff's complaint liberally. *Sealed Plaintiff v. Sealed Defendants*, 537 F.3d 185, 191 (2d Cir. 2008). The court considers all possible grounds for relief that plaintiff could be raising. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d

Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein).

The last time that he sued LB Security in 2004, he filed the complaint as a civil rights action under 42 U.S.C. § 1983. To state a claim under section 1983, the plaintiff must allege both that the defendant has violated plaintiff's rights under either the Constitution or laws of the United States and that the defendant acted "under color of state law." *Rae v. City of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010); 42 U.S.C. § 1983. One of the bases for Judge Hurd's dismissal of the 2004 amended complaint was that LB Security is a private company which does not act under color of state law for purposes of section 1983. (Dkt. No. 8 at 3 in 04-CV-241). This lack of state action was also the basis for my recommendation of dismissal in plaintiff's lawsuit against the Barber Shop.[6] (Dkt. No. 5 at 7-9 in 15-CV-440).

Plaintiff has again attempted to sue LB Security and has now brought an action against AFSA Data. LB Security is still a private company, as is AFSA Data. There are no allegations that either of these companies acted under color of state law or conspired with anyone acting under color of state law. In the 1243 Complaint, plaintiff claims that AFSA Data[7] was his place of employment where he was first attacked with the electromagnetic weapon, which was apparently brought to work by another LB Security employee. (1243 Compl. at 1). There are very few other references to AFSA

---

[6] Lack of state action was also one of the bases for dismissal in Judge D'Agostino's order, approving my Order and Report-Recommendation. (Dkt. No. 7 at 4-5 in 15-CV-440).

[7] Although it is unclear from plaintiff's papers in this case, it appears that plaintiff worked for LB Security, which provided security services for AFSA Data. LB Security is a Utica company which provides security personnel to their clients. www.lbsecurityinc.com.

Data,[8] let alone to conduct by the company. Plaintiff mentions an individual named Rob Michael who worked for LB Security and allegedly was responsible for the initiation of the electromagnetic torture. (1243 Compl. at 1). Plaintiff also mentions Jim Biolek, who appears to have worked for LB Security, but who plaintiff also claims was hated by all AFSA Data employees. (Compl. at 2). Biolek is allegedly the individual who plaintiff "was told" sold him as a slave to the Serbians. (*Id.*) Plaintiff claims that the torture never stopped even after he left AFSA Data. (*Id.*) There are also very few references to LB Security or to any conduct by this company. There are certainly no allegations that anyone acted under color of state law in violating plaintiff's constitutional rights. To the extent that plaintiff's rambling story may be interpreted as a civil rights complaint pursuant to section 1983, it must be dismissed.

### 2. Intentional Torts

The complaint seems to allege that defendants harassed him or intentionally caused him emotional distress. Such claims are rooted in state law, and could only be brought in federal court as claims that are supplemental to a federal claim or if plaintiff could establish diversity of citizenship. *See* 28 U.S.C. §§ 1332 (diversity jurisdiction) and 1367 (supplemental jurisdiction).

It is clear that there is no diversity of citizenship with either defendant in these complaints. Both companies are local Utica, New York companies, and plaintiff is, and was, a Utica resident at all times relevant to these allegations. Thus, no diversity jurisdiction exists even if the court could interpret plaintiff's complaints as raising any

---

[8] AFSA Data is a small insurance company in Utica, New York with private ownership. https://start.cortera.com/company/research/k3p7mxn8q/afsa-data-corp/.

9

kind of intentional tort against either defendant.

The federal courts are also granted supplemental jurisdiction over state law claims that are so related to the claims that are within the court's original jurisdiction, that they form part of the same case or controversy under the federal Constitution. 28 U.S.C. § 1367(a). If a court dismisses all claims over which it had original jurisdiction, it would have to balance certain factors in deciding whether to exercise its discretion to exercise supplemental jurisdiction. *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

In this case, plaintiff has not stated any federal question claims over which this court would have original jurisdiction, thus, the court cannot exercise "supplemental" jurisdiction over claims that are not related to any federal claim asserted by the plaintiff. Thus, there is no basis for plaintiff in this case to assert the jurisdiction of this court.

## V.     **Statement of a Claim**

As stated above, plaintiff's complaint against each of the defendants is a rambling story that pieces together parts of each of the complaints that plaintiff has brought in the past, beginning with the first time that he was allegedly attacked by electromagnetic radiation, presumably prior to his first lawsuit in 2004.[9] He continues

---

[9] Plaintiff rarely assigns a date to any of the conduct alleged which also makes it very difficult for the court to determine if any statute of limitations has run. In addition, because the plaintiff has not identified a basis for jurisdiction, it would be difficult to determine which statute or statutes of limitation apply. Sections 1983 and 1985 have a three year statute of limitations. *McCray v. City of New York*, No. 03 Civ. 9685, 9974, 10080, 2007 WL 4352748, at *13 (S.D.N.Y. Dec. 11, 2007) (citations omitted). Title 42 U.S.C. section 1986 itself provides for a one year statute of limitations. *Paige v. Police Dep't of the City of Schenectady*, 264 F.3d 197, 199 n.2 (2d Cir. 2001). The statute of limitations for a section 1981 claim can be three or four years, depending on when the claim arose.

to allege the same general claim, with varying facts each time that he brings an action. Each of his previous actions have been dismissed, either as lacking in jurisdictional basis or as frivolous.[10] These two complaints must be dismissed for the same reasons. The court has tried to interpret the claims in the most liberal way possible, but the rambling nature of plaintiff's allegations makes it very difficult to discern any rational statements or any rational basis for assuming jurisdiction of the action.

As plaintiff knows from his prior law suits which have been dismissed, complaints relying on "civil rights statutes"[11] are insufficient unless they contain some

---

*McCray*, 2007 WL 4352748 at *13. Even though there may be a serious statute of limitations question in this case, the issue may be complicated by the concept of equitable tolling, and the court will not address it in this report. *See Paige*, 264 F.3d at 200 (discussing accrual and equitable tolling).

[10] As stated above, his persistent efforts to "reopen" his 2004 case have been met with a bar order issued by Judge Hurd, which prevents plaintiff from filing additional documents in that case without prior order of the court.

[11] Civil rights claims against non-governmental defendants may be brought under other statutes such as 42 U.S.C. § 1981 and 1985(3). In order to state a section 1981 claim, the plaintiff must allege that he is a member of a racial minority, the defendant intended to discriminate on the basis of race, and the discrimination must involve one of the statute's enumerated activities. *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 1999) (citing *Milan v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993)). These enumerated activities include the right to "make and enforce contracts; to sue, be parties, give evidence," and the right to the full and equal benefit of all laws and proceedings for the security of persons and property. *Id.* (quoting 42 U.S.C. § 1981(a)). However, conclusory allegations are also insufficient to state a claim under section 1981. *Dove v. Fordham University*, 56 F. Supp. 2d 330, 338 (S.D.N.Y. 1999) (citations omitted). Section 1985 requires a racial or class-based conspiracy to deprive a person or class of persons of the equal protection of the laws. *Carris v. First Student, Inc.*, No. 5:13-CV-923, 2015 WL 5535807, at *27 (N.D.N.Y. Sept. 18, 2015) (citing 42 U.S.C. § 1985(3)). Although the complaint makes reference to plaintiff being Bosnian and having problems with Serbians, plaintiff does not clearly claim that either of the defendants acted with the intent to discriminate against his race. He also does not state a class-based conspiracy with any particularity. He states later in the complaint that it is more likely than not that everyone is microchipped, and plaintiff was told that "pretty much everyone was under surveillance." (Compl. at 15, 17). In any event, even if the court could interpret plaintiff's complaint as alleging that this electromagnetic torture was instituted because plaintiff was a Bosnian immigrant, plaintiff's allegations about mind control are baseless.

specific allegations that indicate a deprivation of rights instead of a litany of general conclusions that "shock but have no meaning." *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987). Plaintiff claims he has been abused by these electromagnetic weapons for 15 years, and is still angry with LB Security and AFSA Data for apparently letting this happen. He has also claimed that Lenscrafters installed a chip in his eye and that Mohawk Valley Community College was infringing on his privacy through his computer. The action against Mohawk Valley Community College has also been dismissed.

The claims in this action are the same as claims that plaintiff has brought before, and which have been dismissed with prejudice.[12] In addition, Rule 8(a) of the Federal Rules of Civil Procedure requires the complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Whitfield v. Lopez*, No. 2015 WL 6128866, at *3 (E.D.N.Y. Oct. 16, 2015) (citing inter alia Fed. R. Civ. P. 8(a)(2)). Plaintiff's complaint is anything but short and plain. The complaint rambles about incidents and events that apparently span at least fifteen years. The named defendants do not even appear to have been involved beyond the very beginning of the complaint. It is impossible to determine what plaintiff believes the two named defendants did or what he wishes the court to do about it.[13] Therefore, this court must recommend

---

[12] As stated above, plaintiff is attempting to appeal two of the cases that were dismissed. He should await the results of his appeal.

[13] As stated above, there is no relief section in the complaint. Plaintiff seems to allege in his rambling statement that he would like a proper trial and adequate "punishment." (Compl. at 18). When plaintiff refers to the barber, who is not a defendant in this action, plaintiff states that the court did not respond to the barber's "obstruction of justice." To the extent that plaintiff expects to enforce criminal statutes through a civil action, he cannot succeed. It is well-settled that there is no private right of

dismissal of both of plaintiff's complaints.

## IV. Opportunity to Amend

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). In this case, the court finds that any attempt of the plaintiff to amend this complaint would be futile, and he would still be unable to state a federal claim.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's applications to proceed IFP (Dkt. No. 2 in both actions) are **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that both actions be **DISMISSED IN THEIR ENTIRETY WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-ii) as frivolous and for failure to state a claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C.

---

action under federal criminal statutes such as 18 U.S.C. §§ 241 or 242. *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994); *Marshall v. Webster Bank*, N.A., 3:10-CV-908, 2011 WL 219693, *8 (D. Conn. Jan. 21, 2011) (citing cases).

§ 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: October 26, 2015

Hon. Andrew T. Baxter
U.S. Magistrate Judge